# In the United States Court of Federal Claims

No. 09-691C

(Filed: December 21, 2011)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* *

|  |  |
|---|---|
| INTERNATIONAL INDUSTRIAL PARK, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Motion for Reconsideration; Attorneys' Fees; Waiver of Sovereign Immunity; Fee-Shifting Provision; Contract Interpretation; Plain and Ordinary Meaning. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* *

*Roger J. Marzulla*, with whom was *Nancie G. Marzulla*, Marzulla Law, LLC, Washington, D.C., for Plaintiffs.

*Corinne A. Niosi*, with whom were *Gregg P. Yates*, Trial Attorney, *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Bryant G. Snee*, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER

WHEELER, Judge.

The Court ruled on October 7, 2011 that the U.S. Army Corps of Engineers ("Corps") breached its August 6, 2008 right-of-entry for construction contract ("ROE-C") with Plaintiffs, International Industrial Park, Inc., KYDDLF and RDLFGFT No. 1 LLC, and Rancho Vista Del Mar, awarding Plaintiffs damages of $1,708,185 and costs. Plaintiffs timely moved for reconsideration on October 26, 2011 under Rule of the Court ("RCFC") 59(a), requesting an award of attorneys' fees pursuant to the ROE-C or, in the alternative, the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2006).

Additionally, Plaintiffs filed a corrected bill of costs with the Court on November 14, 2011. Defendant contested both filings, and the matters are fully briefed.

For the reasons stated below, Plaintiffs' motion for reconsideration is GRANTED. The Court awards attorneys' fees under the ROE-C and, therefore, need not address Plaintiffs' eligibility to recover under the EAJA in the alternative. However, the Court will stay further proceedings on both the amount of attorneys' fees and the bill of costs issue until any appeal is completed, or until the time has passed for the filing of a notice of appeal pursuant to RCFC 58.1.

Discussion

In their October 26, 2011 motion for reconsideration, Plaintiffs asserted entitlement to attorneys' fees pursuant to paragraph thirteen of the ROE-C. Pls.' Mot., at 4-5, Docket No. 83; see also Pls.' Mem. (Nov. 23, 2011), at 1-3, Docket No. 89; Pls.' Br. (Jul. 14, 2011), at 41-42, Docket No. 76. Paragraph thirteen provides:

> Attorney's Fees. In the event of any litigation arising from or related to this Right-of-Entry, the prevailing party shall be entitled to recover from the non-prevailing party all reasonable costs including attorney fees as provided by law.

Am. Compl. (Jun. 8, 2010) Ex. A, at ¶ 13, Docket No. 18-2. At issue is whether the Corps may waive the Government's sovereign immunity by contract and, if so, whether the "as provided by law" language in this specific contract negated any waiver. See, e.g., Def.'s Mem. (Nov. 14, 2011), at 4-5, Docket No. 86; Def.'s Br. (Jun. 14, 2011), at 55-58, Docket No. 74.

 A. The Corps Waived Sovereign Immunity by Agreeing to a Contract with a Fee-Shifting Provision.

In the United States, the default "American Rule" in litigation is for each party to bear its own legal costs. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). However, one exception to this American Rule arises where a statutory "fee-shifting provision" authorizes a court to award attorneys' fees. See Applegate v. United States, 52 Fed. Cl. 751, 755 (2002). In the government contracts context, such a provision also must waive sovereign immunity.

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2006), undoubtedly waived the Government's sovereign immunity to damages on Plaintiffs' substantive contract claim. See United States v. Mitchell, 463 U.S. 206, 212 (1983) (internal footnote omitted). However, a general waiver of sovereign immunity from damages on a substantive claim does not extend to attorneys' fees absent a separate, affirmative waiver. See Library of

2

Cong. v. Shaw, 478 U.S. 310, 314-15 (1986). Waivers of sovereign immunity are "to be strictly construed . . . in favor of the sovereign." Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999). They "must be unequivocally expressed in statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also Pacrim Pizza Co. v. Pirie, 304 F.3d 1291, 1294 (Fed. Cir. 2002) ("Only Congress can grant waivers of sovereign immunity."); Franklin Fed. Sav. Bank v. United States, 55 Fed. Cl. 108, 123 (2003) ("The law is quite clear that statutory authorization is the *sine qua non* for recovery of legal costs arising from litigation against the Government.").

Here, there is no express fee-shifting provision in the Tucker Act, but there is one in paragraph thirteen of the ROE-C. Hence, Plaintiffs present the question whether the Corps needed separate, express authority to contract to the fee-shifting provision in the ROE-C and thereby waive the Government's immunity to fee awards, apart from the Corps's general authority to contract with Plaintiffs. The Court concludes that it did not.

In Shaw, the Supreme Court articulated the default no-interest rule in litigation against the Government, ruling that only congressionally authorized awards of interest are allowable. 478 U.S. at 314, superseded by statute, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1079 (permitting "the same interest . . . as in cases involving nonpublic parties"). As "the no-interest rule and the American rule are logical counterparts," it is proper to analogize them. First Fed. Sav. & Loan Ass'n of Rochester v. United States, 88 Fed. Cl. 572, 583 (2009); see also Applegate, 52 Fed. Cl. at 759. Thus, because Congress may authorize interest awards "by contract or statute," Shaw, 478 U.S. at 317 (internal quotations omitted), it similarly may authorize the award of attorneys' fees by either medium. Accord First Fed. Sav. & Loan Ass'n, 88 Fed. Cl. at 583; Applegate, 52 Fed. Cl. at 759. This result is sensible. After all, "The United States does business on business terms." United States v. Nat'l Exch. Bank of Balt., 270 U.S. 527, 534 (1926) (Holmes, J.) (internal citation omitted).

While waivers of sovereign immunity must be specific and statutory, the Corps's specific, statutory authority to contract includes the authority to enter into fee-shifting agreements like the one here.

> B. "As Provided by Law" Does Not Render the Fee-Shifting Provision "Equivocal."

Defendant argues that even if an agency may waive sovereign immunity through contractual fee-shifting, the Corps did not do so here on account of the "as provided by law" language in paragraph thirteen of the ROE-C. Def.'s Mem. (Nov. 14, 2011), at 4-5, Docket No. 86; Def.'s Br. (Jun. 14, 2011), at 58, Docket No. 74. The Court disagrees. On April 15, 2011, Ms. Susan Cook, an attorney representing the Government in its negotiations with Plaintiffs, testified that she proposed adding the "as provided by law" language to the parties' draft contract to allow for "the question of whether they were

entitled to attorneys fees [to] be litigated or argued later." Tr., at 575-76, Docket No. 68. She recounted telling Plaintiffs' representative during the negotiations, "You can argue you're entitled to attorneys fees and we can argue you're not, whatever." Id. at 576. The Court will not indulge the Government's whipsaw here, encouraging Plaintiffs to punt the attorneys' fees issue until after litigation, only then to urge Plaintiffs' disqualification for punting.

Moreover, the Court does not adopt an interpretation of paragraph thirteen that renders the phrase "as provided by law" meaningless or superfluous. See Arizona v. United States, 216 Ct. Cl. 221, 575 F.2d 855, 863 (1978) (internal citations omitted). Rather, the Court adopts an interpretation that prevents the phrase "as provided by law" from rendering the remainder of paragraph 13 meaningless or superfluous. It would be peculiar indeed for "as provided by law" to negate entirely the otherwise operative legal provision preceding the phrase.

"As provided by law" simply means that the ROE-C conditioned an award of fees on the sovereign immunity analysis from the above paragraphs. As discussed, the Corps had the authority to waive sovereign immunity in its contract by agreeing to the fee-shifting provisions of paragraph thirteen. Had the parties intended, in the alternative, to condition paragraph thirteen on a specific statutory waiver, the fee-shifting provision would have read "as provided by statute." See, e.g., Bell BCI Co. v. United States, 570 F.3d 1337, 1341 (Fed. Cir. 2009) (applying the plain and ordinary meaning of a contractual provision).

For the foregoing reasons, Plaintiffs are entitled to attorneys' fees pursuant to paragraph thirteen of the ROE-C. Therefore, the Court need not address Plaintiffs' alternative ground under the EAJA.

C. Standard of Review

A motion for reconsideration under RCFC 59(a) "is addressed to the court's discretion." Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd 250 F.3d 762 (Fed. Cir. 2000). "[T]he movant must show: (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." Fru-Con Constr., 44 Fed. Cl. at 301. "Manifest injustice" must be "clearly apparent or obvious." Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002) (internal citation omitted). While reconsideration "enables a trial court to address oversights," Fru-Con Constr., 44 Fed. Cl. at 315, a party may not raise "an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed," Matthews v. United States, 73 Fed. Cl. 524, 525-26 (2006) (internal citations omitted). Additionally, the Court has the inherent power to reconsider its rulings before entering final judgment. Florida Power & Light Co. v. United States, 66 Fed. Cl. 93, 96 (2005).

Here, Plaintiffs timely moved for reconsideration in a manner wholly consistent with Fru-Con Construction to address an oversight in the Court's October 7, 2011 rulings, the attorneys' fees issue.  Further, both parties briefed the ROE-C ground for fees in their post-trial briefs; thus, the Matthews prohibition on raising new issues post-ruling does not apply.  Indeed, addressing attorneys' fees now is practical so that Defendant may have an opportunity to appeal the issue simultaneously with any appeals on the substantive rulings.

    D.  Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration is GRANTED.  Nevertheless, for reasons of judicial efficiency, the Court will stay Plaintiffs' requests for attorneys' fees and costs until after any appeal to the U.S. Court of Appeals for the Federal Circuit has concluded, or until the time to provide notice of appeal under RCFC 58.1 has passed.  See Otay Mesa Prop., L.P. v. United States, No. 06-167L, Order (Jan. 7, 2011), Docket No. 242.

    IT IS SO ORDERED.

    s/Thomas C. Wheeler
    THOMAS C. WHEELER
    Judge